OPINION OF THE COURT
George G. Inglehart, J.
The issues in this action were tried without. a jury before me, thé undersigned Justice of the Supreme Court, at d Regular Term of Supreme Court held in and for the County of Jefferson on January 7, 1981.
The court denies all motions to dismiss or for a directed verdict.
Upon the foregoing, all the pleadings herein, testimony of witnesses, and argument of counsel, I do hereby decide and find as follows:
FINDINGS OF FACT
(1) Defendant, traveling alone in a 1969 Oldsmobile, southbound on Route 12E about one-quarter mile from the village limits of Cape Vincent, New York, encountered snow blizzard, no visibility conditions and attempted a U-turn on the highway. His car stalled and remained in the highway at approximately 11:00 a.m. — *927 January 14, 1978. Stalling was caused by snow clogging the carburetor.
(2) Defendant testified that his headlights and flasher lights were on. The court notes, however, under the weather conditions described, the unlikelihood that these lights would have had any appreciable effect as a warning to other vehicles.
(3) Plaintiff, under the same conditions, traveling the same route with his wife and child in his 1976 Chevrolet, at about 10 miles per hour, collided with defendant’s vehicle causing the damages to plaintiff’s car stipulated at $1,612.81. No personal injury is claimed.
(4) Plaintiff was in the proper lane of traffic and did not, nor could not, have seen defendant’s vehicle until immediately before impact.
CONCLUSIONS OF LAW
(A) Defendant’s defense of an “Act of God” cannot be credited. The classic cases have held that to constitute an “Act of God” the conditions must be unprecedented, extraordinary natural conditions which could not be foreseen or avoided. Zero visibility blizzard conditions in Jefferson County during winter months would not meet these criteria.
(B) Plaintiff’s assertions of violations of the Vehicle and Traffic Law on the part of defendant cannot be credited, either, under the prevailing conditions. In any event they apply equally to plaintiff. U-turns outside the village limits are not prohibited here.
(C) Emergency conditions prevailed and neither party operated his vehicle in an unreasonable manner.
(D) Plaintiff has failed to meet the burden of proof of negligence on the part of defendant.
(E) No cause for action is found in favor of the defendant, who may have costs herein.